FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2012 DEC 21 A 11: 16

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RODNEY THEOPITULUS SMITH,

Petitioner,

vs.

WAYNE BENNETT, Warden, and
MICHAEL LAWSON,

Respondents.

CIVIL ACTION NO. CV212-163

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Rodney Theopitulus Smith ("Smith"), an individual currently detained at the Glynn County Detention Center in Brunswick, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, Smith's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Smith's petition states that he is challenging a 1997 conviction obtained in Glynn County. However, the grounds in support of Smith's petition all discuss a February 2012 arrest for probation violation. Smith's petition shows that he did not appeal from the judgment of the conviction he is challenging and that he has not filed any previous petitions, applications, or motions with respect to the relevant judgment in any court. (Doc. No. 1, p. 2).

## DISCUSSION AND CITATION OF AUTHORITY

"If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the

petition[.]"[1] RULES GOVERNING SECTION 2254 CASES IN THE U.S. DIST. COURTS 4. For three reasons, it is plain from the face of Smith's petition that he is not entitled to relief.

First, Smith asserts that he is challenging a 1997 conviction obtained in Glynn County. However, he offers no argument in support of challenging such a conviction. Second, the grounds in support of Smith's petition all discuss a February 2012 arrest for probation violation. However, Smith has not stated that the arrest at issue resulted in a conviction to be challenged.

Finally, it is clear from the face of Smith's petition that he did not exhaust his state court remedies with regard to the judgment of the conviction he is challenging.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The United States Supreme Court has held that "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement" when discretionary

---

[1] The next sentence of this rule makes it clear that such dismissal is appropriate pre-service of the petition: "If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." RULES GOVERNING SECTION 2254 CASES IN THE U.S. DIST. COURTS 4.

2

AO 72A
(Rev. 8/82)

review "is part of the ordinary appellate review procedure in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 839–40, 847 (1999). Therefore, in order to exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. This exhaustion requirement extends to a state's collateral review process. Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004). Failure to exhaust all claims or to demonstrate that exhaustion is futile prior to bringing a § 2254 petition requires that the petition be dismissed. See Nelson v. Schofeld, 371 F.3d 768, 771 (11th Cir. 2004), *superseded by rule on other grounds as recognized in* Hills v. Washington, 441 F.3d 1374 (11th Cir. 2006). Smith admitted, in his petition, that he did not appeal from the judgment of the conviction he is challenging and that he has not filed any previous petitions, applications, or motions with respect to the relevant judgment in any court. (Doc. No. 1, p. 2). Consequently, it is clear from the face of Smith's petition that it must be dismissed.

As previously indicated, it is unclear from the face of Smith's petition exactly what he is challenging. Smith's petition states that he is challenging a 1997 conviction obtained in Glynn County. However, the grounds in support of Smith's petition all discuss a February 2012 arrest for probation violation. To the extent that Smith intended to challenge the February 2012 arrest, his claim might be more appropriately brought in a civil rights action pursuant to 42 U.S.C. § 1983.[2] To the extent that Smith intended to challenge a conviction or probation revocation resulting from the February 2012 arrest, his claim would appropriately be brought in a petition pursuant to § 2254

---

[2] If Smith chooses to bring a § 1983 claim, he should file an appropriate complaint and pay the filing fee applicable to § 1983 actions.

3

after he exhausts his state court remedies, as explained above. To the extent that Smith intended to challenge the 1997 conviction obtained in Glynn County, his claim would appropriately be brought in a petition pursuant to § 2254 after he exhausts his state court remedies, as explained above.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Smith's petition be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 21st day of December, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)